IN AND BEFORE THE STATE BOARD OF MEDICAL EXAMINERS

STATE OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel, ) | **F I L E D** |
| STATE BOARD OF MEDICAL ) | |
| EXAMINERS, ) | MAY 8 1987 |
| ) | |
| Plaintiff, ) | STATE BOARD OF |
| v. ) | MEDICAL EXAMINERS |
| ) | |
| GARY PAUL KULA, M.D., ) | |
| Medical License No. 12616, ) | CASE NO. 86-11-453 |
| ) | |
| Defendant. ) | |

## FINAL ORDER

This cause came on for hearing before the Oklahoma Board of Medical Examiners en banc on May 2, 1987, at 5104 N. Francis, Suite C, Oklahoma City, Oklahoma, pursuant to notice given as required by law and the rules of the Board.

Daniel J. Gamino, Attorney, appeared for the Plaintiff, and the Defendant appeared in person and with Stan Twardy, Attorney.

The Board of Medical Examiners en banc heard the testimony and reviewed exhibits and being fully advised in the premises, the Board of Medical Examiners therefore finds as follows:

## FINDINGS OF FACT

1.   That Gary Paul Kula, M.D., holds Oklahoma Medical License No. 12616.

2.   That the Board of Medical Examiners en banc has jurisdiction over the subject matter herein and that notice has been given in all respects as required by the law and the rules of the Board.

3.   That from approximately June, 1985, to February, 1986, Defendant did engage in a sexual relationship with a patient at the same time he was maintaining a doctor/patient relationship and prescribing medication for the patient.

4.   That as a result of these actions, the Defendant's employer, Oklahoma Department of Mental Health, following notice and hearing, did find Defendant guilty of violation of SDMH Rule 66-285, and did impose on September 19, 1986, the following sanctions, to-wit:

(a)   The Defendant was removed from his former position and demoted to the position of Staff Psychiatrist and his salary was reduced accordingly.

(b)   Defendant was restricted to providing individual therapy only in cases sanctioned personally by the Director of the Central Oklahoma Community Mental Health Center and subject to the Director's periodic review.

(c)   Defendant was to practice psychiatry under the clinical proctorship of a senior psychiatrist who shall provide Defendant with therapy and supervision to assist the Defendant in the practice of psychiatry on



PLAINTIFF'S EXHIBIT

F

tabbies

cases sanctioned by the Director and that the respective proctor should provide progress reports quarterly to the Director so the Director can monitor the Defendant's professional activities.

## CONCLUSIONS OF LAW

1.   That Gary Paul Kula, M.D., holding Oklahoma Medical License No. 12616, is in violation of the Oklahoma Medical Practice Act, 59 O.S. 1981, §509, Paragraph 9, to-wit:

"Dishonorable or immoral conduct..."

## ORDER

IT IS THEREFORE ORDERED by the Board of Medical Examiners of Oklahoma as follows:

1.   That the Defendant, Gary Paul Kula, M.D., Medical License No. 12616, be and is hereby placed on probation to the Oklahoma State Board of Medical Examiners for a period of three (3) years, beginning on May 2, 1987, under the following terms and conditions:

(a)   During the period of probation it is required that Defendant comply with the Oklahoma Medical Practice Act as interpreted by the Oklahoma State Board of Medical Examiners and that he appear before the Board or its designated representative upon request.

(b)   During the period of probation Defendant will furnish to the office of the State Board of Medical Examiners all current legal addresses and any change of address in writing, and further Defendant will advise the office of the Board of Medical Examiners of any change of employment, either part-time or full-time, from the Oklahoma Department of Mental Health.

(c)   That the Defendant shall complete on a timely basis all reports and forms required by the Investigative Division of the Oklahoma Board of Medical Examiners.

(d)   Defendant is restricted to providing individual therapy while in the employ of the Department of Mental Health only in cases sanctioned personally by the Director of the Central Oklahoma Community Mental Health Center and subject to the Director's periodic review.

(e)   Defendant shall practice psychiatry under the clinical proctorship of a senior psychiatrist who shall provide Defendant with therapy and supervision to assist the Defendant in the practice of psychiatry on cases sanctioned by the Director and that the respective proctor shall provide progress reports quarterly to the Director so the Director can monitor the Defendant's

professional activities, and the Defendant
shall cause copies of those quarterly
progress reports to be forwarded to the
Oklahoma Board of Medical Examiners.

DATED this ___8th___ day of ___MAY___, 1987.

_____
MARK R. JOHNSON, M.D., Secretary
State Board of Medical Examiners

APPROVED AS TO FORM:

_____
DANIEL J. GAMINO
Daniel J. Gamino & Associates, P.C.
3315 NW 63
Oklahoma City, OK  73116
(405) 840-3741
ATTORNEY FOR PLAINTIFF

_____
STAN TWARDY
Attorney at Law
1400 N. Shartel
Oklahoma City, OK  73103
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF MAILING

I hereby certify that on the ___15th___ day of ___MAY___,
1987, I deposited in the U.S. Mails, postage prepaid thereon, a
true and correct copy of the above and foregoing Final Order
addressed to:

      Gary Paul Kula, M.D.
      c/o Stan Twardy
      Attorney at Law
      1400 N. Shartel
      Oklahoma City, OK  73103

_____