**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PATRICIA D. BACHHOFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-0969-F |
| ) | |
| G. PAUL KULA, M.D., ) | |
| ) | |
| Defendant. ) | |

## ORDER

The "Motion for Summary Judgment of Defendant, G. Paul Kula, M.D.," filed November 1, 2006, is before the court. (Doc. no. 45.) Plaintiff has responded, and the motion is ready for determination.

### Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific

evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

## Discussion

This action alleges improper sexual relations between the defendant, Dr. Paul Kula, and his psychiatric patient at the time, plaintiff, Ms. Patricia Bachhofer.  Dr. Kula seeks summary judgment in his favor on both types of claims alleged in this action, plaintiff's negligence claims and her intentional infliction of emotional distress claim.  The intentional infliction of emotional distress claim has, however, previously been dismissed without prejudice as a result of a joint stipulation of the parties.  (Doc. no. 46.)  Therefore, to the extent that the motion seeks judgment on the intentional infliction of emotional distress claim, the motion is moot.  The balance of this order addresses Dr. Kula's challenges to Ms. Bachhofer's negligence claims.

The complaint alleges:  negligence by virtue of Dr. Kula's romantic involvement with his patient, negligent over-prescribing of medications, negligent failure to provide honest and therapeutic advice, and negligent failure to accurately record medical advice in patient records.  Dr. Kula argues that plaintiff is required to offer, but cannot offer, expert testimony to support these negligence claims.  Dr. Kula argues that expert medical evidence is required to prove both the sub-standard care element and the causation element of Ms. Bachhofer's negligence claims.

Dr. Kula's own brief recognizes that expert testimony is not required in medical malpractice cases when the negligence, if proved, is so grossly apparent that laymen would have no difficulty recognizing it.  Turney v. Anspaugh, 581 P.2d 1301, 1307 (Okla. 1978).  The conduct set forth in Dr. Kula's motion--which he disputes but which he takes as true for purposes of his motion--includes the following: contentions that Dr. Kula kissed and hugged Ms. Bachhofer during office visits which she made to him as his psychiatric patient; testimony by Ms. Bachhofer that during one office visit Dr. Kula rubbed his office chart against his crotch; contentions that Dr. Kula and

Ms. Bachhofer met repeatedly at hotels and engaged in consensual sexual relations; and contentions that after these sexual encounters, additional therapy sessions were conducted by Dr. Kula with Ms Bachhofer.

While Ms. Bachhofer's brief does not respond to Dr. Kula's facts item by item, she offers her own facts to show that Dr. Kula's proposed uncontested facts are "incomplete and misleading." Ms. Bachhofer offers evidence to show: that plaintiff had a long and complex history of psychological instability at the time she was referred to Dr. Kula; that Dr. Kula recommended Ms. Bachhofer have an affair, which he said would be good for her marriage; that on one occasion, when plaintiff told Dr. Kula she was feeling depressed, the "first thing out of his mouth" was "Why don't you meet me at Motel 6?"; that Dr. Kula prescribed a drug known to increase libido; and that intimate fondling, touching, and the display of Dr. Kula's penis occurred during office sessions.

The court concludes that this action constitutes the unusual medical malpractice case that comes within the exception to the rule which would otherwise require expert testimony. This is so because it is obvious to laymen that Dr. Kula's conduct, if proven, was sub-standard and that this sub-standard conduct may have caused Ms. Bachhofer's injuries. As stated in Boxberger v. Martin, 552 P.2d 370 (Okla. 1976):

> [W]hen a physician's lack of care has been such as to require only common knowledge and experience to understand and judge it, expert medical testimony is not required to establish that care. There is a limitation on the rule that expert medical testimony is essential to support a cause of action for negligence where the common knowledge or experience of laymen is extensive enough to recognize or infer negligence from the facts. Expert medical testimony is not required to establish the cause of an objective injury where there is competent evidence, without such testimony, to establish the cause with reasonable certainty.

*Id*. at 373. The alleged facts allow the layman to "infer negligence from the facts" and "to establish the cause [of Ms. Bachhofer's injuries] with reasonable certainty." At

least for summary judgment purposes, the court regards this case as the analytical equivalent of a case in which the surgeon, called upon to remove a cancerous right lung, removes the healthy left lung.

Not only does the court find that this case come within the exception to the rule with respect to negligence claims based on Dr. Kula's romantic or sexual conduct, the court further finds that this case comes within the exception to the expert testimony rule with respect to Ms. Bachhofer's other negligence claims, such as her claims based on failure to record medical advice and over-prescribing of medications. Although Dr. Kula argues that the ordinary person is not familiar with standards of practice for a psychiatrist with respect to these particular types of negligence, the court disagrees. The ordinary lay person is able to recognize and understand standards of professional care regarding these matters without the help of expert testimony.

Alternatively, the court finds and concludes that if expert evidence *is* required in this case, either as to the applicable standards of care or as to causation, then Dr. Kula's own deposition testimony provides sufficient expert testimony to satisfy this requirement. Under Oklahoma law, evidence of the medical standard in the community may be established by testimony of the defendant physician. Roberson v. Waltner, 108 P.3d 567, 569 (Okla. Civ. App. 2005). In this action, there is no reason for a different rule with respect to the causation element. *See*, *id.* (discussion of the need for expert testimony regarding the origin of the injury immediately precedes the court's statement that the defendant physician may establish standards in medical malpractice cases).

At his deposition, Dr. Kula testified regarding the psychiatrist's duty not to engage in a sexual relationship with a patient, the duty not to over-prescribe medicine, the duty to provide honest therapeutic advice, and the duty to record advice given to patients. With respect to the causation element, Dr. Kula testified that a psychiatrist engaging in a sexual relationship with a patient may cause a certain amount of

depression and post-traumatic stress for the patient. Dr. Kula also testified that the psychiatric repercussions of adultery are not normally associated with peace of mind and contentment, which are the goals of psychiatry. Given the nature of the particular claims and injuries involved in this action, this expert testimony from Dr. Kula himself is sufficient to allow Ms. Bachhofer's negligence claims to go to trial.[1]

## Conclusion

After careful consideration of the parties' submissions, the pleadings, the record, and the relevant legal authorities, the court determines that Dr. Kula is not entitled to summary judgment. To the extent that defendant's motion seeks summary judgment on plaintiff's intentional infliction of emotional distress claim, the motion is **STRICKEN** as moot. To the extent that defendant's motion seeks summary judgment on plaintiff's negligence claims, the motion is **DENIED**.

The evidence as to Dr. Kula's alleged conduct must be heard and evaluated by a jury.

Dated this 11th day of December, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0969p013(pub).wpd

---

[1] The better practice would have been for plaintiff to identify Dr. Kula as an expert witness. However, Dr. Kula is listed as a witness for the plaintiff, he is available to his counsel for trial preparation, he has been deposed, and there are no eve-of-trial strategic considerations. In these highly exceptional circumstances, the court will overlook the failure to list Dr. Kula as an expert witness.